■ SARATOGA HARNESS RACING ASSOCIATION, INC., Appellant-Respondent, v. AGRICULTURE AND NEW YORK STATE HORSE BREEDING DEVELOPMENT FUND, Respondent-Appellant.— Decision dated December 30, 1966 [27 A D 2d 631], amended, and order entered January 25, 1967, resettled to provide as follows: "Judgment modified, on the law and the facts, so as to direct summary judgment in favor of respondent-appellant for $45,222.89, with interest at the legal rate from February 1, 1966, and as so modified, affirmed, with costs." Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.

■ LOIS REMICK, Appellant, v. STATE OF NEW YORK, Respondent.— Motion to direct the Comptroller of the State of New York, pursuant to subdivision 5 of section 20 of the Court of Claims Act, to pay to appellant the judgment of the Court of Claims entered January 11, 1967, from which appeal has not been taken by the State, awarding to appellant the sum of $40,147.76, less any amount previously paid in partial satisfaction thereof, granted, without costs; cross motion to dismiss appeal granted, without costs, unless appellant shall, on or before July 28, 1967, file and serve record, brief and notice of argument for the term commencing September 6, 1967, in which event motion denied. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

■ In the Matter of RENSSELAER COUNTY BAR ASSOCIATION.— Application, pursuant to section 280 of the Penal Law, for approval of the incorporation of the Legal Aid Society of Rensselaer County granted. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARMINE CATALIOTTI, Relator, v. ROSS E. HEROLD, as Superintendent of Dannemora State Hospital, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c]) thereof. Judgment signed and entered. Gebson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

# FOURTH DEPARTMENT, APRIL, 1967

## (April 6, 1967)

■ GILDA DI RIENZO, as Administratrix of the Estate of FRANK DI RIENZO, Deceased, Respondent, v. BUFFALO SEWER AUTHORITY, Appellant. BUFFALO SEWER AUTHORITY, Third-Party Plaintiff, v. JAMES McHUGH CONSTRUCTION Co., Third-Party Defendant.— Order unanimously modified in accordance with the Memorandum, and as modified, affirmed, without costs. Memorandum: Discovery and inspection of the statements and reports of employees made to the defendant Sewer Authority should be limited to those made prior to the commencement of litigation, and discovery and inspection of all statements and reports made to the defendant's insurance carrier should be denied. (Appeal from order of Erie Special Term denying motion to quash notice to discover and inspect.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.